1
2
3
4
5
6
7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PATRICK E BLACKSHIRE,

11            Plaintiff,

12       vs.                              No. 12-cv-2568 MCE GGH PS

13   WACKENHUT CORP.,

14            Defendant.                  ORDER

15   _____/

16        Plaintiff proceeds pro se in this matter and requests leave to proceed in forma

17   pauperis pursuant to 28 U.S.C. § 1915. The proceeding was referred to this court by Local Rule

18   302(21), pursuant to 28 U.S.C. § 636(b)(1).

19        Having submitted an affidavit making the showing required by § 1915, plaintiff

20   will be allowed to proceed in forma pauperis. That determination, however, does not complete

21   the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case

22   at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or

23   malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

24   an immune defendant.

25        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

26   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

(9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Additionally, a complaint must "contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Bell Atlantic Corp. V. Twombly 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007), quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).

Nevertheless, pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

In this case, plaintiff apparently filed in federal court a copy of a complaint which he had also filed in state court.  In an attachment to the form, plaintiff described an incident where a private company security guard assaulted him with pepper spray.

The court cannot determine whether the complaint is frivolous or can be amended to state a claim, because it does not comply with Fed. R. Civ. Pro. 8.  That rule requires that all complaints include: (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8 also requires "sufficient allegations to put defendants fairly on notice of the claims against them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  The complaint does not meet these requirements, but plaintiff will be granted leave to amend the complaint accordingly.

Most significantly, the undersigned is unable to determine a jurisdictional basis for hearing this action. A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Statutes which regulate specific subject matter may also confer federal jurisdiction. See generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:5. Unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have jurisdiction. See Bell v. Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945). A federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction. See Hagans v. Lavine, 415 U.S. 528, 537-38, 94 S. Ct. 1372, 1379-80 (1974).

Federal question jurisdiction is established where a complaint (1) arises under a federal law or the United States Constitution, (2) alleges a "case or controversy" within the meaning of Article III, section 2, or (3) is authorized by a jurisdiction statute. See 28 U.S.C. § 1331, Baker v. Carr, 369 U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).

A lack of subject matter jurisdiction may be raised at any time by either party or by the court, and the undersigned does so here. See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). The complaint asserts no basis for jurisdiction. Rather, it appears limited to a dispute between plaintiff and a private security officer which should be adjudicated in state court. In fact, the very complaint that is before the undersigned was also filed in the Superior Court of California on April 8, 2010 and dismissed with prejudice on June 8, 2012. Dkt.1 at 1, 9. Plaintiff points to no federal law or constitutional right which would allow this case to now be properly brought in federal court.

42 U.S.C. § 1983 provides a method for private parties to vindicate their federal rights which are conferred elsewhere. See Graham v. Connor, 490 U.S. 386, 393-94, 109 S.Ct.

1865, 1870 (1989). In order to establish relief under § 1983 plaintiff is required to "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986). If plaintiff intends to state a claim under 1983, he must allege facts showing that defendant Wackenhut Corporation exercised power it possessed by virtue of state law and made possible only because it was clothed with the authority of state law. See Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 (9th Cir. 2011) quoting West v. Atkins, 487 U.S. 42, 49, 108 S.Ct. 2273 (1988). Plaintiff may choose to name a defendant other than Wackenhut in his amended complaint, but he must include allegations for any and all named defendants which describe the power they exercised and how they were clothed with authority of state law.[1] As is, the complaint contains nothing more than a statement of facts creating a mere suspicion of a legally cognizable right of action. See Bell Atlantic, 550 U.S. at 127. For that reason, the complaint must be amended in order for this action to go forward.

Should he choose to amend, plaintiff must also plead which of his constitutional or federal rights were violated by virtue of defendant's behavior. See Gonzaga University v. Doe, 536 U.S. 273, 279, 122 S.Ct. 2268, 2273 (2002), Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995). Section 1983 does not provide a cause of action for violations of state law. See Galen v. County of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007). Thus, plaintiff's allegation that Officer Torres leveled "a blatant slanderous accusation" against plaintiff does not, without more, implicate a federal or constitutional right of plaintiff's for which he can recover. However, plaintiff's allegation that he was harassed and assaulted by Torres's use of pepper

\\\\\

---

[1] The complaint only describes the actions of one Wackenhut security officer Kenneth Torres but also refers to a "regional transit officer." Yet, the complaint names Wackenhut Corporation as the only defendant. It is unclear who is being alleged a state actor and how they might be liable under 1983. Plaintiff must be more specific in describing how each named defendant can be held liable under § 1983.

spray against him *may* implicate a constitutional right which plaintiff needs to specifically identify.

Plaintiff is reminded that his claim for relief must contain sufficient factual matter to state a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1973 (2009). While this does not require detailed factual allegations, the claim must contain more than labels and conclusions or a formulaic recitation of the elements of a cause of action. See Bell Atlantic, 550 U.S. at 555. In short, the allegations must be sufficient to put defendant fairly on notice of the claims against it. See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957), Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990). Here, this means that plaintiff must say more than that he was "stripped of his freedom and all priceless, uncharted, benefits of foresaid freedom and thus . . . . his constitutional rights." See Dkt. 1 at 5. Rather, plaintiff must identify *which* of his constitutional or other federal rights were violated.

Finally, the complaint does not state a demand for the relief plaintiff is seeking. This deficiency also requires that the complaint be dismissed with leave to amend. See Fed. R. Civ. Pro. 8(a)(3). If plaintiff chooses to amend, he must allege what injuries he suffered as a result of being deprived his constitutional or federal rights. See Borunda v. Richmond, 885 F.2d 1384, 1389 (9th Cir. 1988), Trevino v. Gates, 99 F.3d 911, 921 (9th Cir. 1996)(damages are not presumed to flow from every constitutional violation).

\\\\\
\\\\\
\\\\\
\\\\\
\\\\\

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted; and

2. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within 28 days from the date of service of this Order. Failure to file an amended complaint will result in a recommendation that this action be dismissed.

DATED: October 23, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH9
Blackshire2568.ifp.amd.wpd