IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK E. BLACKSHIRE,

    Plaintiff,

  vs.                        No. 12-cv-2568 MCE GGH PS

WACKENHUT CORP.,

    Defendant.             FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is proceeding pro se and in forma pauperis in this case. The proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

        By order of October 24, 2012, plaintiff was informed of the deficiencies in the complaint, and the complaint was dismissed with leave to amend. Plaintiff has now filed an amended complaint. The court, however, has further re-reviewed the initial complaint and conducted a search of the Sacramento County Superior Court's website, and now determines that this action must be dismissed on grounds of collateral estoppel.

        "Res judicata, or claim preclusion, 'provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" U.S. v. Bhatia, 545 F.3d 757, 759 (9th Cir. 2008) (citing In re Schimmels, 127 F.3d 875, 881 (9th Cir. 1997)). "The related doctrine of collateral estoppel, or issue preclusion, provides that 'when an issue of

1

ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" Bhatia, 545 F.3d at 759 (citing Ashe v. Swenson, 397 U.S. 436, 443 (1970)). Both doctrines require privity between the parties in the prior and subsequent lawsuit. Bhatia, 545 F.3d at 759. Privity is "a legal conclusion designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." In re Schimmels, 127 F.3d at 881 (internal citations omitted). A court may examine the res judicata effect of a prior judgment sua sponte. McClain v. Apodaca, 793 F.2d 1031, 1032-33 (9th Cir. 1986).

In determining the effect of state court judgments, federal courts must consult the res judicata rules of the state from which the judgment is taken. Kremer v. Chem. Const. Corp., 456 U.S. 461, 481, 102 S.Ct. 1883, (1982).

> Under California law, collateral estoppel has been found to bar relitigation of an issue decided at a previous proceeding "if (1) the issue necessarily decided at the previous [proceeding] is identical to the one which is sought to be relitigated; (2) the previous [proceeding] resulted in a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the prior [proceeding]." Rodgers v. Sargent Controls & Aerospace, 136 Cal.App.4th 82, 90, 38 Cal.Rptr.3d 528 (Cal.Ct.App.2006); see also Lyons v. Security Pacific Nat. Bank, 40 Cal.App.4th 1001, 1015, 48 Cal.Rptr.2d 174 (Cal.Ct.App.1995) ("In addition to these factors, ... the courts consider whether the party against whom the earlier decision is asserted had a 'full and fair' opportunity to litigate the issue.") Collateral estoppel will not be applied "if injustice would result or if the public interest requires that relitigation not be foreclosed." Consumers Lobby Against Monopolies v. Public Utilities Com., 25 Cal.3d 891, 902, 160 Cal.Rptr. 124, 603 P.2d 41 (Cal.1979).

Portugal v. Western World Ins., 2012 WL 3647850, *4 (E.D. Cal. Aug. 22, 2012).

In this case, plaintiff refers to a prior state court action that "was thrown out of court." The caption of the original complaint contains a file stamp from Sacramento County Superior Court. A search of the Sacramento County Superior Court's website indicates that plaintiff filed a complaint with the identical claims against defendant in state court. See Doc. no.

\\\\\

1 at 5; <u>Blackshire v. Wakenhut</u>, Case No. 34-2010-00074899.[1]  Both actions concerned the incident of August 23, 2009, wherein plaintiff alleges that a Wackenhut security officer named Kenneth Torres harassed and assaulted him with pepper spray.  The state court action was dismissed with prejudice on June 8, 2012.  (<u>See</u> Doc. no. 1 at 9.)

The claims currently before the court were already litigated and decided in defendant's favor in the previous action.  The previous action resulted in a dismissal of the case based on defendant's motion for terminating sanctions which was unopposed, and therefore was a judgment on the merits.  <u>See</u> <u>Blackshire v. Wakenhut</u>, Case No. 34-2010-00074899, Minute Order, filed June 6, 2012; Notice of Ruling, filed June 7, 2012.  Judgment was entered on September 7, 2012.  <u>Id.</u>  A terminating sanction imposed for discovery abuses constitutes a judgment on the merits.  <u>See</u> <u>Kahn v. Kahn</u>, 68 Cal.App.3d 372, 382-83, 137 Cal.Rptr. 332 (1977).  Accordingly, res judicata bars this action from proceeding.

For the reasons discussed above, IT IS RECOMMENDED that this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Notwithstanding any generally applicable deadlines, within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time

\\\\\
\\\\\
\\\\\
\\\\\

---

[1] A court may take judicial notice of court records.  <u>See</u> <u>MGIC Indem. Co. v. Weisman</u>, 803 F.2d 500, 505 (9th Cir. 1986); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).

may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 10, 2013

/s/ Gregory G. Hollows<br>UNITED STATES MAGISTRATE JUDGE

GGH/076
Blackshire2568.amd.wpd