UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK E. BLACKSHIRE,<br><br>    Plaintiff,<br><br>    v.<br><br>WACKENHUT CORP.,<br><br>    Defendant. | No. 2:12-cv-02568-MCE-GGH-PS<br><br>**ORDER** |

    Through the present lawsuit, Plaintiff Patrick Blackshire, proceeding in pro se, sought damages against Defendant Wackenhut Corporation for excessive force. By Findings and Recommendations filed April 11, 2013, the assigned magistrate judge recommended that Plaintiff's action be dismissed on collateral estoppel grounds, since Plaintiff's claim had already been litigated and decided in Defendant's favor in a previous case instituted in Sacramento County Superior Court. ECF No. 5. Plaintiff did not file objections to the Findings and Recommendations. On June 11, 2013, the Court adopted the magistrate judge's Findings and Recommendations in full, the case was dismissed, and judgment was entered in Defendant's favor. ECF No. 6.

    Now, on May 26, 2015, Plaintiff has filed a handwritten letter with the Court requesting that the above-referenced matter be reopened, along with three other cases filed by Plaintiff that were also dismissed in 2013. Plaintiff now claims he was

1  incarcerated since June 20, 2013 and consequently was unable to file any of the
2  necessary paperwork to reopen the cases earlier.  ECF No. 8.
3      The Court construes Plaintiff's request as a motion for relief from judgment
4  pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  That section allows relief
5  from judgment on a number of grounds, including, as pertinent to the present claim,
6  "mistake, inadvertence or excusable neglect." Fed. R. Civ. P. 60(b)(1).  Because
7  Plaintiff's request was filed almost two years after entry of judgment, however, it is
8  untimely.  Rule 60(c)(1) requires that a motion under Rule 60(b) be made within a
9  reasonable time, and in this instance had to filed no more than a year after the entry of
10 judgment, or by June 11, 2014. Moreover, Plaintiff has identified no extraordinary
11 circumstances making his request otherwise timely.  Finally, even if his request was
12 timely, Plaintiff has proffered no reason for his failure to object to the Magistrate Judge's
13 Findings and Recommendations.  Those Recommendations were issued, and judgment
14 was entered thereon, before Plaintiff became incarcerated on June 20, 2013.
15     For all these reasons, Plaintiff's Motion to Reopen (ECF No. 8) is DENIED.
16     IT IS SO ORDERED.
17 Dated:  June 25, 2015

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT

2